Green, J.
delivered the opinion of the court.
The complainants agreed, verbally, to purchase a tract of land, in Montgomery county, from 'the defendant, and in part payment therefor conveyed and delivered him a negro woman and child, at the price of $300. They went into possession of the land and made valuable improvements. They also enjoyed the farm, and sold a quantity of valuable timber.
When a written contract was about being made between the parties, a misunderstanding of each other existed; the complainants insisting on having a deed, and the defendant being willing only to give his bond for a title when the purchase.money should be paid. Whereupon the complainants filed this bill, asking to be restored to the enjoyment of the property that had been delivered to the defendant in payment for the land, qnd for compensation for improvements made upon the land.
The Chancellor decreed a rescisión of the contract as to the negroes; and that they be delivered to the complainants; that an account be taken, in which the complainants should be allowed for the value of improvements put upon the land, and for the hire of the negroes; and should be charged for the rent of the land, and the value of timber sold by them. The defendant appealed to this court.
The only question which is now made, is, whether the .complainants are entitled to compensation for improvements. It appears from the bill, answer and proof in the cause, that the complainants went into possession of the land in good faith,, .under an agreement to purchase. The execution of the bill of sale, and delivery of the negroes to the defendant, in part payment for the land, furnish conclusive evidence, that the complainants intended, bona Jide, to fulfil their agreement, and receive a title for the land- As to the subsequent misunderstanding of the parties, it is not necessary to enquire. The contract was void; not having been in writing. And the question is, whether a party, who has made improvements on the land of another, his possession having been bona fide, can come into a court of equity for improvements.
It is not controverted, but that if the owner of the land, were, *364 in such case, to come into equity, seeking an account, the defendant would be permitted to deduct therefrom, the full amount of all meliorations and improvements which he has beneficially made upon the estate. This would be done upon the old and established principle, that he who seeks equity, must do equity. 2 Story’s Eq. Jurisp. sec. 799.
But it is supposed, that Courts of Equity ought not to go further, and to grant active relief in favor of such bona fide possessor, by sustaining a bill for improvements, brought by him against the true owner, after he has recovered the premises at law.
- This opinion, entertained by Chancellor Walworth (Putnam vs. Richie, 6 Paige’s Rep. 390,) is controverted by Mr. Justice Story, in a very able opinion, delivered by him in the case of Bright vs. Boyd, decided in the Federal Circuit Court for the District of Maine, and reported in 1 Story’s Rep. 478, 491-2-3.
In neither case is any other authority refered to. And it is stated, that no case in England or America can be found, where this point had been decided either way. Judge Story, says: “It appears to me, speaking with deference to other opinions, that the denial of all compensation to such a Iona fide purchaser, in such a case, where he has manifestly added to the permanent-value of an estate, by his meliorations and improvements, is contrary to the first principles of equity. To me it seems manifestly unjust and inequitable, thus to appropriate to one man, the property and money of another, who is in no default.”
We concur in these views of the learned Judge, whose opinion has been quoted, and are, therefore, of opinion, that the complainants were entitled to such improvements as have enhanced' the value of the land.
No question is here raised, as to the amount which was allowed, or of the correctness of the account in any particular.
Let the decree be affirmed.